IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTONIO NATHANIEL SPEED, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 19-cv-318-SMY |
| B.TRUE, UNITED STATES CONGRESS, UNITED STATES SENTENCING COMMISSION, RODNEY W. SIPPEL, and U.S. EASTERN DISTRICT OF MISSOURI PROBATION OFFICE, | ) |  |
| Respondents. | ) |  |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Antonio Nathaniel Speed, an inmate of the United States Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary Marion ("USP Marion") brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence (Doc. 1). This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

1

## Background

Speed was convicted of one Count of felon in possession of a firearm on January 8, 2014. *United States v. Speed*, Case No. 13-cr-295-RWS (E.D. Mo. 2014). He was sentenced to 84 months of imprisonment, 2 years of supervised release, and a $100 special assessment (*See* Doc. 90, Criminal Case). Speed appealed his conviction to the Eighth Circuit Court of Appeals, which affirmed both his conviction and sentence. *United States v. Speed*, App. No. 14-1841 (8th Cir. Dec. 22, 2014).

On October 27, 2016, Speed filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising two grounds for relief: (1) his future custody under a judgment of the district court would violate the Constitution and (2) the Court lacked jurisdiction over him because he is an alien detainee. *Speed-Bey v. United States*, Case No. 16-cv-1699-RWS (Doc. 2, p.1) (E.D. Mo. 2016). (Doc. 2, p.1). The Motion was denied in all respects. *Id.* In dismissing the Motion, the Court specifically found Speed's claim that his term of supervised release was unconstitutional was without merit. (*Id.* at p. 2). It does not appear from the docket that he appealed the decision.

Speed then sought federal habeas relief under 28 U.S.C. §2241 in the United States District Court, District of Kansas. *Speed v. Maye*, Case No. 15-cv-3136-RDR (D. Kan. 2015). He claimed that he was being improperly held "as collateral for a fraudulent security that was created and marketed in the name of Antonio Nathaniel Speed without" his assent or agreement. (Doc. 2, p. 1, First Section 2241 Petition). That Petition was dismissed as legally frivolous. (*Id.* at p. 2).

Speed filed a second § 2241 Petition in the Eastern District of Missouri on April 18, 2016. *Speed-Bay v. United States*, Case No. 16-cv-544-ERW. That case was transferred to the District of Kansas. *Speed-Bey v. United States*, Case No. 16-cv-3145-JWL (Doc. 24, pp. 1-2) (D. Kan.

2016). Speed asserted he was "not a prisoner convict" because he was not charged or convicted under his true name, Antonio Nathaniel Speed-Bey. The Petition was dismissed on the bases that his claim was non-meritorious and was previously presented in his criminal case as part of a motion to dismiss and objection to sentencing. (*Id*. at p. 3).

## The Petition

In the instant Petition, Speed challenges his sentence from the Eastern District of Missouri. Specifically, he challenges the two years of supervised release imposed by that court. (Doc. 1, p. 2). He raises numerous arguments in support of his Petition including: (1) the judgment of supervised release is a fraud; (2) supervised release does not replace a portion of the imprisonment; (3) conditions of supervised released are authorized but not required by statute; (4) supervise release is a trust contract that he did not consent to; and (5) the sentencing judge failed to state the reasons for supervised release in the judgment. (*Id*. at pp. 2-3).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

A petitioner must satisfy three conditions to trigger the savings clause: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Speed does not rely on new statutory interpretation nor has he demonstrated a "fundamental defect" in his conviction or sentence. He also fails to explain how a § 2255 proceeding would be "inadequate and ineffective." He merely states that it is inadequate and ineffective because he is challenging his judgment of supervised release. But he is in fact challenging the validity of his sentence, which could be raised in a § 2225 proceeding. As such, his claims could have been brought in his direct appeal or in his original § 2255 proceeding.

For the foregoing reasons, § 2241 is not the proper vehicle for review of Speed's sentence, and the Petition will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be

determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/25/2019**

*/s/ Staci M. Yandle*
**United States District Judge**